## No. 170
## WILLIAM PFEIL v. STATE
Ohio Court of Appeals, 8th District
No. 4336, Nov. 20, 1922

ERROR—Verdict against weight of evidence—(1-2-3) Rules for determining when reversal will not be made—(4) Wife as witness against husband—Waiver of privilege.

Error to Cuyahoga Common Pleas

SULLIVAN, J.:

Epitomized Opinion

In this case it was sought to reverse a judgment of conviction under an indictment for burglary and larceny, on the ground that the verdict was against the weight of evidence. This the court of appeals refused to do under the following rules:

1. A reviewing court should not reverse a judgment because the verdict is against the weight of the evidence, unless it is so clearly thus unsupported as to indicate some misapprehension or mistake or bias on the part of the jury, or a wilful disregard of duty.

2. When the evidence in a case is conflicting, a reviewing court will not pass upon the weight of the evidence, providing there was some evidence upon all points necessary to sustain the verdict and judgment.

3. A reviewing court will not reverse a case on the weight of the evidence where there is a sharp conflict in the evidence, as the trial court and jury, who saw the witnesses face to face, had better opportunities for determining where the truth lay.

4. The claim was also made that the court committed error in causing the wife of defendant to testify against her husband. The court held against this claim for the reason that the testimony of the wife was brought out by the husband's council by cross-examination in the first instance, and the door thus being opened the State was entitled to cross-examine upon matters brought out in chief. Hence there was no prejudicial error.

Attorneys—H. P. Hartrath, for Pfeil; E. C. Stanton for State.

## No. 171
## CLEVELAND RAILWAY CO v. BELL
Ohio Court of Appeals, 8th Dist.
No. 4042 Nov. 20, 1922

PERSONAL INJURY—If facts justify verdict, will not be disturbed because of erroneous charge—(2) If substantial justice done, technical error in charge immaterial.

Error to Cuyahoga Common Pleas

INGERSOLL, J.:

Epitomized Opinion

This action was brought for recovery of damages for a street car injury. A verdict of $3,500 was obtained by Bell. The court refused to reverse the case on the ground that the verdict was contrary to the evidence and also upon the other grounds alleged.

1. Errors in the charge of the court below which were complained of were disposed of by the appellate court, on authority of Mehurin v. Stone, 37 OS. 49, that, "Where in the trial of a action to a jury facts are indisputed which entitle the defendant to a verdict, which is accordingly given, a judgment rendered on such verdict will not be reversed for instruction to the jury although erroneous."

2. The record in this case shows that substantial justice has been done and the judgment below should not be reversed because of technical error in the charge.

Attorneys—Squire, Sanders & Dempsey, for the Street Railway; Payer, Winch, Minshall & Karsh, for Bell.

## No. 172
## CLEVELAND RAILWAY CO v. SELZER, Admr.
Ohio Court of Appeals, Cuyahoga County
No. 4162, Feb. 15, 1923
(Washburn, P. J., Pardee and Funk, JJ., sitting)

This opinion has appeared only in The Abstract.

NEGLIGENCE—(1) Evidence manifestly prejudicial—(2) Last chance must be pleaded.

PER CURIAM:

Epitomized Opinion

Error to Cuyahoga County Common Pleas

1. Yetta Selzer, represented by defendant, died as the result of an accident and the appellate court reversed the judgment of the Common Pleas on the ground that the verdict of the jury was manifestly against the evidence.

2. It was also held by the court of appeals that the charge of the trial judge was prejudicial upon the rule of last chance as it was not alleged in the petition, and upon the evidence shown by the same was prejudical.

Attorneys—Squire, Sanders & Dempsey, for Railway Co.; Payer, Winch, Minshall & Karsch, for Selzer.

## No. 173
## CITY OF EAST CLEVELAND v. FREE
Ohio Court of Appeals, Cuyahoga County
No. 4110. Jan. 15, 1923

CONTRACTS — Liquidated Damages — (1) Penalty construed as, in breach of contract—(2) Stipulated sum as damages for breach of one of several stipulations in a contract is a penalty.

Error to Cuyahoga Common Pleas

VICKERY, J.:

Epitomized Opinion

This opinion has appeared only in The Abstract.

The city, at the instigation of Free, passed an ordinance authorizing bids for the establishment of a street railway in East Cleveland and a bid made by Free to build said railroad was found to be the best bid received. Free deposited with the city a bond in the sum of $5,000 by the Royal Indemnity Co., also a defendant, conditioned to be void if Free should complete the construction of the railway, otherwise to remain in full force. The city claimed $5000 as liquidated damages although the only actual damage was four dollars spent in advertising the ordinance. The lower court decided in favor of the city and entered a judgment for it for four dollars. The city prosecuted error claiming the full $5000. Held by court of appeals:

1. A fixed sum provided as payment in the case of forfeiture of rights under or breach of contract is a penalty rather than liquidated damages. A person injured by breach of contract can only recover actual damage suffered limited by the amount stipulated in the contract.

2. Where a contract contains a number of stipulations to be performed for the breach of some of which damages are ascertainable, while as to others they are not, a single sum stipulated as damages for breach will be treated as a penalty and only actual damages can be recovered.

Judgment affirmed.

Attorneys—E. A. Binyon, for the City; Calfee, Fogg & White, for Free.